UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| XYZ CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-6610 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| THE PARTNERSHIP AND UNINCORPORATED ASSOCIATIONS Hon. [sic] IDENTIFIED ON SCHEDULE "A," | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff "XYZ Corp." filed a complaint against an unidentified group of Schedule A Defendants, in violation of the Federal Rules. The public has no earthly idea who is suing whom. In effect, Plaintiff XYZ sued Defendants ABC.

The very first piece of information that a plaintiff shares with the public is its identity. The disclosure is no accident. Rule 10(a) provides that the "title of the complaint must name all the parties." *See* Fed. R. Civ. P. 10(a). Not "may" – "*must*." *Id.* (emphasis added). Not some of the parties – "*all*" of the parties. *Id.* (emphasis added).

The duty to disclose one's own name is not a technicality, and it is not to be taken lightly. As the Seventh Circuit has explained, "We have repeatedly voiced our disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes. To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the

opposing party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F.3d 372, 376–77 (7th Cir. 2016) (citation omitted); *see also Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[T]his circuit's decisions . . . disfavor anonymous litigation. . . . The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret."); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts."); *In re Boeing 737 Max Pilots Litig.*, 2020 WL 247404, at *1 (N.D. Ill. 2020) ("The duty to self-identify is a small part of a much bigger tradition of transparency in federal court. . . . The public has a legitimate interest in the facts of a lawsuit, and the most basic fact is who is suing whom.").

Here, the public is completely in the dark about who filed this case against whom. Plaintiff later filed a complaint, under seal, that disclosed its real name to the Court (only). *See* Dckt. No. 7. Plaintiff did file a motion to seal, but the motion addressed the list of Defendants (meaning "Schedule A"), plus a few exhibits to the complaint. *See* Dckt. No. 11. Plaintiff did not request leave of Court to hide its identity from the public, let alone establish that "exceptional circumstances" justify shielding its identity. *Doe*, 819 F.3d at 376–77.

Plaintiff filed this case anonymously without seeking leave of Court to do so. No-name litigation is the rare exception, not the Rule. The complaint is stricken for failure to comply with the Federal Rules.

Date: November 12, 2020

Steven C. Seeger
United States District Judge